THE CITY OF CHICAGO

v.

SAMUEL BORK.

*Opinion filed April 18, 1907.*

1. TRIAL—*when question of contributory negligence is for the jury.* In an action against a city by one who was injured by the tipping over of a load of lumber upon which he was riding, the question of the plaintiff's contributory negligence is properly left to the jury under evidence that the wagon was being driven on a public street which was slanting and out of repair, and that the load, though somewhat top-heavy, was chained to the wagon.

2. PLEADING—*when an objection of variance comes too late.* A motion, made at the close of all the evidence, to strike out all evidence tending to show that any other person than the plaintiff was driving the team at the time of his injury, as being at variance with the allegations of the declaration, comes too late, where the first witness for the plaintiff testified, without objection, that he, and not the plaintiff, was driving the team, and the case is tried upon that theory notwithstanding the allegation that the plaintiff was driving. (*Alford v. Dannenberg,* 177 Ill. 331, explained.)

3. EVIDENCE—*expert may give opinion as to diseased condition being due to physical injury.* It is not error to permit a witness for the plaintiff in a personal injury case to state his opinion, as an expert, that the diseased condition of the plaintiff was probably due to a physical injury, where such opinion is based upon a hypothetical statement of the plaintiff's case as made by his witnesses.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding.

FRANK D. AYERS, City Attorney, (EDWARD C. FITCH, of counsel,) for appellant.

CHESTER A. GROVER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee in the circuit court of Cook county, against the appellant, to recover damages for a personal injury alleged to

have been caused by the negligence of the appellant in suffering one of its public streets to be out of repair and in an unsafe condition, in consequence of which a wagon loaded with lumber, upon which lumber appellee was riding, tipped over, and he fell to the ground beneath the lumber and was severely and permanently injured. The jury returned a verdict in favor of the appellee for the sum of $6000, upon which the court, after overruling a motion for a new trial, rendered judgment, and the appellant having prosecuted an appeal to the Appellate Court for the First District, where the judgment of the circuit court was affirmed, a further appeal has been prosecuted to this court.

At the close of all the evidence the appellant moved the court to instruct the jury to return a verdict in its favor, and the action of the court in denying that motion has been assigned as error.

It appears from the evidence that the appellee was riding upon Marianna street, in the city of Chicago, upon a two-horse wagon loaded with lumber, and that the team attached to the wagon belonged to and was being driven by one Christiansen. Marianna street is an east and west street, and crosses Western avenue, a north and south street, at right angles. Western avenue was paved. Marianna street was not paved, but had sidewalks at the point of the injury upon both sides of the street, some two feet higher than the roadway of the street, and which were at the same grade as the sidewalks upon Western avenue and Artesian avenue, another paved street which was parallel to and situated one block west of Western avenue and upon which the appellee lived. At the north side of Marianna street, immediately west of its intersection with Western avenue and adjoining the sidewalk, there was an embankment of about the height of the sidewalk and the width of a wagon, which sloped south. A catch-basin was located in the street just south of said embankment and a few feet west of Western avenue. Near the catch-basin there was a hole worn in the street,

and the center of the driveway in Marianna street sloped from Western avenue quite abruptly to the level of the road-bed in the street. The wagon upon which appellee was riding was loaded with lumber, which extended as far forward upon the wagon as it could without interfering with the horses and projected beyond the rear of the wagon several feet, and was piled up two feet or more above the top of the box of the wagon and was chained to the wagon. The lumber had shifted somewhat from the position in which it had been piled, and as the wagon was driven down the slope from Western avenue into Marianna street it tipped over towards the south. Christiansen, who sat upon the top of the front part of the load, facing the horses, as the wagon went over jumped to the ground and was not injured. The appellee sat upon the top of the lumber facing south. He also jumped from the wagon, but was caught beneath the falling lumber and was injured. The wagon was being driven in a public street at the time it was thrown over. The street was slanting and out of repair, and the load upon the wagon, although somewhat top-heavy, was chained to the wagon. In view of all the evidence it clearly was a question of fact, and not of law, whether appellee was guilty of such contributory negligence at the time he was injured as to bar him from a right of recovery against the appellant, and we think the trial court properly submitted the case to the jury.

The declaration averred that the team attached to the wagon was being driven by appellee at the time he was injured, while the evidence showed, without dispute, that the team was being driven by Christiansen, to whom it belonged, and who had been employed by the appellee to haul the lumber from another part of the city to his home, and it is urged there was a fatal variance between the declaration and the proof. The question of variance was not raised upon the trial until all the evidence was introduced, although the declaration averred the appellee was driving the team at the time of the injury, and Christiansen, who was the first wit-

ness called and examined by the appellee, testified, without objection, that he was driving the team at the time of the injury. After the proofs were in, the appellant moved the court to strike out all the evidence which tended to show that any person other than appellee was driving the team at the time of the accident, which motion the court overruled. The case was tried upon the theory that Christiansen was driving the team at the time of the injury, and not the appellee, and we fail to see how the appellant was in any way embarrassed in making its defense by reason of the averment in the declaration that appellee, and not Christiansen, was driving the team at the time of the injury. The question of variance may be waived, and is waived unless it is raised in apt time, and we are of the opinion the objection was made too late in this case. In *Lake Shore and Michigan Southern Railway Co.* v. *Ward,* 135 Ill. 511, the defendant asked the court to instruct the jury to find a verdict for the defendant, and alleged as one ground of its motion that there was a variance between the proof and the declaration. The court said (p. 516) : "This was the only attempt to point out a variance, and it was clearly insufficient."

While in *Alford* v. *Dannenberg,* 177 Ill. 331, it was said that advantage might be taken of a variance by a motion to exclude the evidence, there is nothing said in that case which would authorize a defendant to lie by in the trial of the case, after he has notice that there is a variance between the proof and the declaration, until the proofs are all in and then raise the question of variance for the first time. The court, we think, did not err in declining to strike from the evidence the proof which showed Christiansen was driving the team at the time appellee was injured.

It is also urged that the court permitted the expert witnesses called on behalf of appellant to usurp the province of the jury by stating that in their judgment the diseased condition of the appellee disclosed by the evidence was due to

a physical injury. We think there was no error in permitting the appellee's counsel to state to an expert witness, hypothetically, the case made by his witnesses, and to ask the witness his opinion, based upon such hypothetical case, of the probable cause of the disordered physical condition from which the evidence showed the appellee was suffering. (*Elgin, Aurora and Southern Traction Co.* v. *Wilson,* 217 Ill. 47.) This, in effect, was all that was done in this case.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*