THE CHICAGO UNION TRACTION COMPANY *et al.*

*v.*

DAVID ROBERTS.

*Opinion filed October 23, 1907.*

1. EVIDENCE—*when physician may testify that the injury caused the condition of the plaintiff.* Where the question whether the plaintiff's condition was caused by his injury, or otherwise, is in controversy but the fact of the injury is not denied, a physician, called as an expert, may be asked whether in his opinion, upon the facts assumed in the hypothetical question, the plaintiff's condition *was* produced by the injury or otherwise or whether it *might* have been produced by the injury, since in either event his answer is a mere opinion to be considered by the jury. (*Illinois Central Railroad Co.* v. *Smith,* 208 Ill. 608, distinguished.)

2. SAME—*what is not improper question.* A physician, called as an expert in a personal injury case, who has answered an hypothetical question, may be asked whether, taking into account the testimony he has heard, along with the hypothetical question, the condition of the plaintiff testified to was due to traumatism or disease and whether it was permanent, since the question merely requires the witness to assume the truth of the facts testified to and to give his opinion on that state of facts.

3. SAME—*an objection to basis of hypothetical question must be specific.* An objection to the basis of an hypothetical question must be specific, so that any improper matter may be eliminated; and it is not sufficient, in order to preserve such objection for review on appeal, to object, generally, that the question calls for incompetent testimony.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

This was an action on the case in the circuit court of Cook county by appellee, David Roberts, against appellants, the Chicago Union Traction Company, West Chicago Street Railroad Company and Chicago West Division Railway Company, to recover for personal injuries.

229 — 31

About seven o'clock on the morning of September 4, 1902, appellee was a passenger on the second car of a cable train consisting of a grip-car and two trailers. At a point on Milwaukee avenue between Girard street and Fontenoy court the grip struck an iron man-hole cover in the track, causing a sudden stop of the train, throwing appellee from his seat and into the street and injuring him.

The amended declaration consisted of two counts, the first charging negligence, generally, in the control and operation of the car, railroad and tracks, and the second charging that appellants negligently permitted and suffered the track to be and remain in bad and unsafe repair and condition, by reason whereof the train came to a sudden stop, and the appellee was thrown with great force and violence against the seats and other parts of said car and injured. Judgment was rendered against appellants for $7500, which has been affirmed by the Appellate Court for the First District, and a further appeal is prosecuted to this court.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellants.

RICHOLSON & LEVY, (C. STUART BEATTIE, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Counsel for appellants have wasted labor in discussing the evidence to the extent of nearly two-thirds of their printed argument. On the record no question is presented to this court as to the liability of appellants or the amount of the damages unless error has intervened in receiving or rejecting evidence or in the instructions to the jury.

It is claimed that there is a variance between the declaration and the proof, inasmuch as the declaration charges that the plaintiff was thrown against the seats and other parts of the car, while it is said that the evidence is that

he shot directly from his seat to the pavement without striking any part of the car. The plaintiff himself was the only witness who testified on this point, and he said that the car ran into something, jerked, and threw him against the seat and out; that he struck something on the way to the ground,—he thought the upright post opposite him, at the end of the seat. This evidence was not variant from the declaration.

Dr. Golden, a physician who treated appellee on the day of his injury and for some months thereafter, was examined as a witness and testified at length as to the injuries from which appellee was suffering immediately after the accident and his symptoms and condition to the time of the trial. He was then asked a hypothetical question, assuming that appellee was a healthy, normal man previous to the accident, and that he was thrown and received the injuries which the witness saw and was in the condition which the witness saw from that time on, and concluding with the inquiry what the witness' opinion would be as to whether the appellee's present condition was due to traumatism or to other causes. Appellants objected to the question on the ground that it invaded the province of the jury, but their objection was overruled and the witness answered, "It was undoubtedly due to the injuries which he received." It is insisted that it was error to overrule the objection to this question.

It is not controverted that appellee was thrown from the car by its sudden stoppage and was injured. There was much evidence as to the extent of his injuries and as to the various ailments with which he has since been afflicted. He claims to have continually suffered, as a result of his injuries, from a complication of diseases which permanently disable him, while appellants insist that his injuries were comparatively slight and their effect was merely temporary. The question objected to did not concern the cause of appellee's injuries. It was in regard to the relation between

his assumed injury and his condition as observed by the witness. It is not the province of an expert to act as judge or jury. He cannot be called upon to decide a question of fact. The object of a hypothetical question is to obtain the opinion, upon a subject not within the knowledge of men of ordinary experience, of one who by a previous course of habit or study has acquired a knowledge of that subject. The hypothetical statement of facts must be taken to be true. The opinion is permitted to be given to enable the jurors to draw the inferences from the evidence which their want of knowledge would otherwise prevent. In this case the question was whether the appellee's condition was due to traumatism or other causes. It was a question for the jury to determine, but it was impossible for them to answer without hearing the opinions of physicians. These opinions did not invade the province of the jury. (*City of Chicago* v. *Bork,* 227 Ill. 60; *City of Chicago* v. *McNally,* 227 id. 14; *City of Chicago* v. *Didier,* id. 571.) It is entirely immaterial whether the witness testified that the injury was the cause of the condition, or that the injury was sufficient to cause the condition or might have caused it. In any event, the testimony was merely the opinion of the witness, given, as such, upon a state of facts assumed to be true. It still remained for the jury to determine the facts, and the opinion was nevertheless an opinion only, whether it states what did cause the condition or what might cause it. The question may be asked in either form. *City of Decatur* v. *Fisher,* 63 Ill. 241; *Camp Point Manf. Co.* v. *Ballou,* 71 id. 417; *Louisville, New Albany and Chicago Railway Co.* v. *Shires,* 108 id. 617; *Illinois Central Railroad Co.* v. *Latimer,* 128 id. 163; *City of Chicago* v. *Didier, supra.*

The testimony here under discussion is not like that held incompetent in the case of *Illinois Central Railroad Co.* v. *Smith,* 208 Ill. 608, where the witnesses were asked, from their examination of the injured foot, to state how the in-

jury must have been made. That evidence was held incompetent for three reasons: "First, that the matter involved no particular science, skill or knowledge in order to formulate the opinion given; second, that the matter could have been concisely and lucidly described to the jury; and third, that the testimony, though in form an opinion, was in reality the statement of the very fact the jury was to determine."

Dr. Price heard Dr. Golden's testimony and was afterward called as a witness. Having answered a hypothetical question, he was then asked whether, taking into account the testimony he had heard along with the hypothetical question, the condition testified to was due to traumatism or disease and whether it was permanent. It is insisted that this question was incompetent because based, in part, upon the testimony which Dr. Price had heard. The witness was not called upon to decide any controverted question but was asked to assume the truth of the testimony he had heard. The question was competent, because it assumed the truth of the facts testified to and asked the opinion of the witness on that state of facts. (*Schneider* v. *Manning,* 121 Ill. 376; *Pyle* v. *Pyle,* 158 id. 289; *City of Chicago* v. *Didier, supra.*) The objection to the question was the general one that it called for incompetent testimony. If it was thought the basis for the hypothetical question was improper, the objection should have been pointed out so that the improper matter might have been eliminated. The special objection not having been made on the trial cannot be insisted upon here. *Elgin, Aurora and Southern Traction Co.* v. *Wilson,* 217 Ill. 47.

The remaining objections to evidence we have carefully considered in connection with the record and will not discuss in detail. We do not think any substantial error occurred in the rulings of the court in regard to the evidence.

The refusal of the third and fourth instructions was proper in view of the sixteenth instruction, which took from the jury the consideration of the manner of construction of

the man-hole and man-hole cover. There was no evidence in regard to doctors' bills or attorneys' fees, and the fifth and sixth instructions were therefore rightly refused.

The judgment is affirmed.    *Judgment affirmed.*