(No. 35496.—

CLIFFORD-JACOBS FORGING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EMMA M. JOHNSON, Defendant in Error.)

*Opinion filed March 31, 1960—Rehearing denied May 16, 1960.*

Busch, Harrington & Porter, of Champaign, for plaintiff in error.

Reno & O'Byrne, of Champaign, for defendant in error.

Mr. Justice Hershey delivered the opinion of the court:

Dora James Johnson, deceased, died March 7, 1957. He was employed by the Clifford-Jacobs Forging Company at the time of his death. His widow, Emma M. Johnson, filed her claim for workmen's compensation death award with the Industrial Commission of Illinois. A hearing was had before the arbitrator. On October 16, 1958, the arbitrator rendered his decision denying compensation for the reason that the evidence failed to prove that the death was the result of an accident arising out of and in the course of his employment. The decision was thereafter reviewed by the Industrial Commission upon oral arguments of counsel and the transcript of proceedings before the arbitrator. On March 26, 1959, the commission found that the decedent did sustain injuries on March 7, 1957, arising out of and in the course of the employment resulting in his death, and directed the employer to pay the widow the sum of $34 per week for 272 weeks and one week at $2. Upon review in the circuit court of Champaign County, the award of the commission was confirmed on July 6, 1959. The employer now brings his petition for writ of error to this court for review.

A review of the record discloses that the decedent was employed by Clifford-Jacobs Forging Company as a "heater." His position required that he arrive at work earlier than other employees to fire the furnaces for heating, and to supply metal to the furnace. On March 7, 1957, his usual work unit was not running and he was assigned to a different unit where he took the job of running the press. This unusual job required that he receive the raw hot metal forgings weighing 30 to 40 pounds, carry them to the press, and release a pedal whereby holes were punched in the metal. He then again lifted the metal with tongs and carried it to a tub. After working at this job from 7:00 A.M. to about 8:30 A.M., the decedent became sick, went to the company cafe, had a bromo-seltzer, then sat on a newly varnished bench, complained of being sick, and became sick at his stomach. He left the plant and drove home, arriving about 9:30 A.M.

His wife testified that upon arriving home he was panting and short of breath, his skin was moist and cold, and he was beating his chest with his hands. In the house he paced back and forth, beating his chest, rubbing his arms and wringing his hands. His face was ashen. He lay down on a couch and his wife retired to the kitchen, whereupon she heard a gurgling and gasping. She ran into the room where the decedent lay. His face and hands were blue and she could feel no pulse. An ambulance was called which took him to the Carle Hospital in Urbana, where he was pronounced dead on arrival. No physician treated deceased at any time and there was no post-mortem examination.

He was survived only by his wife and had earned $6,139.60 during the year preceding his death. No compensation was paid by the employer for the death.

Dr. John H. Houseworth was presented by the claimant as a medical expert. In answer to hypothetical questions, Dr. Houseworth testified, over objections, that the death of Dora Johnson could have been caused by myo-

cardial infarction and could have had some relation to his work.

The employer offered no evidence at the hearing. In this appeal the employer contends that the answers of the medical expert to the hypothetical questions, and the hypothetical questions themselves were not proper or competent, and that the record contains no competent evidence to prove that decedent died from an injury which arose out of and in the course of the employment.

The employer complains that the hypothetical questions asked Dr. Houseworth were incompetent because they assumed certain facts for which there was no basis in the evidence. The employer asserts that the record contains no testimony to support the assumption, contained in the hypothetical questions, that while in the process of doing the work, the hypothetical person became ill and ceased doing such work. It is likewise asserted that the questions insinuated that the decedent was using hand tools and that it was extremely hot where he was working, contrary to the record.

Our examination of the record does reveal that the decedent complained of being sick after he had been at this work for one and one-half hours, and immediately upon stopping for a coffee break. He returned to his unit but was still ill and vomited. He then left for home.

The hypothetical questions do not assume that it was hot where decedent was working, but they do state, as the record discloses, that he was working near a furnace and in near proximity to hot metal. While there is conflicting testimony, the man who worked next to Dora Johnson on the fatal day positively testified that he used hand tongs on that date for carrying the hot castings.

The employer urges that the opinions of the expert medical witness, in answer to the hypothetical questions, that the death might or could have been caused by myocardial infarction, and that there could be some relationship

between the work performed by decedent on the day of his demise and his death, were incompetent as speculative, inconclusive, and improper. The employer likewise objects that certain of the hypothetical questions failed to call for a positive answer.

The rule as to when an expert witness, in answer to a hypothetical question, could answer whether a given set of facts may, might, or could have been the cause of an injury, has not been clearly defined. In *Illinois Central Railroad Co.* v. *Smith,* 208 Ill. 608, there was a dispute in the evidence as to the manner in which the plaintiff had suffered injury. This court held that to permit a physician to give testimony as to what "did cause" an injury would be error as invading the province of the jury. It was there indicated, however, that an opinion of an expert on a subject relating to skill or science, could be given in the form of what "might" have caused the injury.

Subsequently, in the case of *City of Chicago* v. *Didier,* 227 Ill. 571, we held that where the evidence conflicted as to whether the plaintiff was injured in the manner claimed, it was not competent for witnesses to give their opinion as to whether an injury was the result of the conditions complained of. We held where there is no dispute as to the manner of the injury and the determination involves a special skill or trade, or a knowledge of science not common to a layman, then persons possessing the special knowledge, skill or science may give their opinion on the subject. That opinion was not required to be limited to what "might" have caused the injury.

We again refined our view in *Fellows-Kimbrough* v. *Chicago City Railway Co.* 272 Ill. 71, and held that where the evidence conflicted as to the manner of the injury, the expert might be asked whether or not a given condition or malady "may or could" result from and be caused by the facts stated in a hypothetical question, but he should not be asked whether or not such facts "did" cause and bring

about such condition or malady. The opinion relied upon and corrupted the *Didier* opinion by holding that where there is no dispute as to the manner *and cause* of the injury and no dispute that there was an injury sustained by reason of the acts of which complaint is made, then a physician may directly testify that a later malady was or was not caused by the accident or original injury. Based upon these and other similar cases we again limited the rule in *People* v. *Rongetti,* 338 Ill. 56, and held that a physician may be asked whether the facts stated in a hypothetical question are sufficient, from a medical or surgical point of view, to cause and bring about a certain condition or malady, or he may be asked whether or not a given condition or malady may or could result from and be caused by facts stated in the hypothetical question, but he should not be asked whether or not such facts did cause and bring about such condition or malady. He may, however, testify that a malady was or was not caused by the accident or original injury where there is no dispute as to the manner and cause of the injury.

The result of these refinements found in these and other opinions of this court have served only to result in an absence of a real determination of the issue, and a differing application in each case. This general problem was discussed in the case of *Chicago Union Traction Co.* v. *Roberts,* 229 Ill. 481, 484, and the court, in a well reasoned opinion stated: "It is not the province of an expert to act as judge or jury. He cannot be called upon to decide a question of fact. The object of a hypothetical question is to obtain the opinion, upon a subject not within the knowledge of men of ordinary experience, of one who by a previous course of habit or study has acquired a knowledge of that subject. The hypothetical statement of facts must be taken to be true. The opinion is permitted to be given to enable the jurors to draw the inferences from the evidence which their

want of knowledge would otherwise prevent. In this case the question was whether the appellee's condition was due to traumatism or other causes. It was a question for the jury to determine, but it was impossible for them to answer without hearing the opinions of physicians. These opinions did not invade the province of the jury. (*City of Chicago* v. *Bork,* 227 Ill. 60; *City of Chicago* v. *McNally,* 227 id. 14; *City of Chicago* v. *Didier,* id. 571.) It is entirely immaterial whether the witness testified that the injury was the cause of the condition, or that the injury was sufficient to cause the condition or might have caused it. In any event, the testimony was merely the opinion of the witness, given, as such, upon a state of facts assumed to be true. It still remained for the jury to determine the facts, and the opinion was nevertheless an opinion only, whether it states what did cause the condition or what might cause it. The question may be asked in either form." We believe this analysis and determination to be based upon reason and justice. So long as the witness is not called upon to decide any controverted fact, but is asked to assume the truth of facts testified to, he may give his opinion thereon in any form. The objection, if any, should be a specific one directed to that which might improperly be incorporated or deleted from the hypothetical question. (*Chicago Union Traction Co.* v. *Roberts,* 229 Ill. 481.) Pronouncements of this court contrary to the views here expressed are hereby overruled.

The questions here in issue merely called upon the expert witness to assume the facts, taken from the evidence, to be true and to give an opinion thereon. The form of the question, or the form of the answer, when in terms of "what did" or "what might" have caused the injury and death, is immaterial. There was no specific objection to the questions which are asserted on this review. The answer of the medical expert was merely an *opinion* based

upon a state of facts assumed to be true. It remained for the arbitrator, the commission, and the circuit court successively to determine the facts. (*Porter* v. *Industrial Com.* 352 Ill. 392.) The hypothetical questions and the answers thereto were not incompetent or improper for failure to call for or to give positive answers.

During the course of the hearing certain other objections were raised to the competency and propriety of the hypothetical questions and the answers of Dr. Houseworth thereto. Those questions and issues are not raised here on this appeal, are thus waived, and are not to be determined by this court.

The employer alleges generally that there is no competent evidence to prove that the decedent died from accidental injury arising out of and in the course of his employment. There is no evidence of prior medical examination or treatment of the decedent, nor was there any postmortem examination. We have testimony of the symptoms and conditions from which the medical expert drew his conclusion that death could have been been due to myocardial infarction. The decedent did become ill while at his employment and performing a task other than his usual duties. This task involved exertion not normal to his usual employment. In answer to a hypothetical question the medical expert testified that the death could have some relation to his employment. The record reveals that the decedent had on previous occasions exhibited like symptoms of ill-being. Dr. Houseworth explained the stated symptoms and conditions as those that do accompany myocardial infarction.

It is not necessary that an employee receive some external violence for the injury to be accidental within the meaning of the Workmen's Compensation Act. Where an employee, in the performance of his work, is suddenly disabled, an accidental injury is sustained even though the result would not have obtained had he been in normal health. If a workman's existing physical structure gives way under

the stress of his labor, his death is an accident which arises out of his. employment. (*Town of Cicero* v. *Industrial Com.* 404 Ill. 487.) The applicant must prove that the death arose from the employment but he need not negative every possibility that death might have arisen other than out of the employment, where a legitimate inference from the evidence is that he died from an injury which arose out of the employment. *Fluor Corp.* v. *Industrial Com.* 398 Ill. 616; *Town of Cicero* v. *Industrial Com.* 404 Ill. 487.

The Industrial Commission determines the facts. It is within its sphere to draw reasonable inferences and conclusions from competent evidence, both direct and circumstantial. This court will not weigh conflicting evidence and substitute its judgment for that of the commission. Our function is to determine whether the finding of the commission is clearly against the manifest weight of the evidence. This court will not discard permissible inferences drawn by the commission merely because it might have drawn other inferences from the facts. *Fluor Corp.* v. *Industrial Com.* 398 Ill. 616.

There is sufficient competent evidence in this record from which the commission could draw the inferences and conclusions which it found. Its conclusions and findings are reasonable, and clearly not against the manifest weight of the evidence. These inferences reasonably justify the conclusion of the Industrial Commission and the circuit court that the decedent died from an accidental injury arising out of his employment. For these reasons the judgment of the circuit court confirming the award of the Industrial Commission is affirmed.

*Judgment affirmed.*