(No. 38458.—

ELECTRO-MOTIVE DIVISION, GENERAL MOTORS CORPORA-
TION, Appellant, *vs.* THE INDUSTRIAL COMMISSION
*et al.*—(GEORGE CROMWELL, Appellee.)

*Opinion filed Nov. 24, 1964.—Rehearing denied Jan. 19, 1965.*

Pope, Ballard, Uriell, Kennedy, Shepard & Fowle, of Chicago, (Lewis J. West and Thomas D. Nyhan, of counsel,) for appellant.

Jack L. Sachs and Albert I. Rubenstein, both of Chicago, for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

This appeal is taken from the order of the circuit court of Cook County confirming the decision of the Industrial Commission which awarded the claimant compensation for temporary incapacity, total permanent disability, including a pension for life, and medical expenses.

The appellant requests that the order of the circuit court of Cook County confirming the decision of the Industrial Commission be reversed and the order of the Industrial Commission be set aside on the grounds that there is no objective evidence of disability and that every medical expert, including claimant's own medical specialists, testified that the claimant was not totally and permanently disabled.

On September 21, 1960, claimant was struck behind the left ear by a crane hook. It was stipulated that he sustained accidental injury arising out of and in the course of his employment and that due notice of the accident was given. The only question presented was the nature and extent of the injury and disability.

In addition to the testimony of the claimant with regard to his condition, the Industrial Commission heard the medi-

cal testimony of five doctors. For the claimant Dr. Robert Douglas testified that in his opinion the claimant was not employable. Dr. Anthony J. Raimondi testified that, although physically able to continue with his work, this would entail the claimant exposing himself to discomfort, seriously limit the efficiency of the work performed and expose him to undue hazards. For the appellant, Dr. P. M. Cooke performed an electroencephalogram examination and found no record of abnormal patterns. Dr. Eric Oldberg testified that all objective findings were normal and that he found nothing indicating any disability. Dr. Harold C. Voris testified that he found nothing that would interfere with the man's working and that in his opinion the claimant was not disabled from any type of gainful employment.

The appellant's contention that every medical expert, including claimant's own medical specialists, testified that the claimant was not totally and permanently disabled is based mainly on two statements made by Dr. Raimondi, the claimant's own treating specialist, who on direct examination stated, "In my opinion I would say that he was certainly physically able to continue with his work." On cross-examination he was asked the following question and stated as follows:

"Q. I mean you never did find this man totally and permanently disabled from any type of suitable work, did you?

A. Of course not."

Both of these statements read out of context would seem to be persuasive. However, the medical testimony presented before the Industrial Commission is extensive and the direct and cross-examination was detailed and skillful. It is clear from a reading of the entire testimony of Dr. Raimondi that it was his opinion that the claimant was permanently disabled. For example, when Dr. Raimondi stated that the claimant was physically able to continue with his work, he went on to say that this would however expose him to dis-

comfort, seriously limit the efficiency of the work performed, and expose him to undue hazards.

There is obviously a direct conflict in the opinions of the medical witnesses with regard to the extent of the claimant's disability. The law is clear that it is the Industrial Commission which determines what disability is present in any injured employee. That is one of the primary functions of the Industrial Commission after hearing all the evidence and seeing all the witnesses. It is within its sphere to draw reasonable inferences and conclusions from competent evidence, both direct and circumstantial, and to determine conflicts arising in the testimony. (*Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32; *Clifford-Jacobs Forging Co.* v. *Industrial Com.* 19 Ill.2d 236; *Wilhelm* v. *Industrial Com.* 399 Ill. 80.) The Industrial Commission had heard the testimony of the claimant together with that of the medical witnesses offered on behalf of the claimant and the appellant. The decision of the Industrial Commission should not be disturbed unless without foundation or clearly against the manifest weight of the evidence. This court will not weigh conflicting evidence and substitute its judgment for that of the Industrial Comimssion nor can this court discard permissible inferences drawn by the Commission merely because it might have drawn other inferences from the facts. *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32; *Clifford-Jacobs Forging Co.* v. *Industrial Com.* 19 Ill.2d 236; *Fluor Corp.* v. *Industrial Com.* 398 Ill. 616; *Lawrence* v. *Industrial Com.* 391 Ill. 80.

Appellant further maintains that by the terms of the statute under which this claim is made recovery can be predicated only upon proof of disability "by objective findings" and that "nowhere are there any objective findings of disability".

Paragraph 7 of subsection (b) of section 8 of the Illinois Workmen's Compensation Act provides in part: "All compensation payments named and provided for * * *

shall mean and be defined to be for * * * only such accidental injuries as are proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself."

This statute requires that there be objective conditions or symptoms of accidental injuries. It does not mention "objective findings of disability", as such a finding can only be a conclusion based upon a proper evaluation of objective conditions or symptoms. It cannot be seriously contended that there were absolutely no objective conditions or symptoms in the present case. The dispute in reality involves the interpretation of the objective symptoms and conditions in arriving at a proper medical opinion. Where the diagnosis of the attending physicians shows that it was founded in part upon objective symptoms and in part upon subjective symptoms, it cannot be contended that there is no proof of injury of which there are objective symptoms although there may be conflicting medical testimony as to the objective symptoms. (*Olin Industries* v. *Industrial Com.* 394 Ill. *202*; *Powers Storage Co.* v. *Industrial Com.* 340 Ill. 498.) What we have said with regard to the function of the Industrial Commission in resolving conflicts arising in the testimony applies equally as well here.

The remainder of appellant's objections attack the admissibility of the opinions given by the doctors who testified for the claimant. Both Dr. Douglas and Dr. Raimondi were attending and treating physicians and as such were qualified to express an opinion as to their patient's condition. Those points raised by the appellant in its brief go to the weight of the opinion and not to its admissibility. While it is incompetent for a physician who examines an employee for the purpose of testifying to base his conclusions in part upon subjective symptoms or the history of the case as given by the employee and in part upon objective symptoms, the rule is different where the examination is by the physician in at-

tendance upon him for the purpose of treatment only. (*Powers Storage Co.* v. *Industrial Com.* 340 Ill. 498, 510.) Both of the doctors who testified for the claimant in this case were the claimant's attending physicans and their opinions concerning the prognosis in the case were clearly competent. *Pomrenke* v. *Betzelberger,* 41 Ill. App. 2d 307.

For the reasons stated the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*