(No. 39480.—

MILLER-DAVIS COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SAMUEL THORSON, Appellee.)

*Opinion filed March 24, 1966.*

PRICE, NOETZEL, SCHLAGER & BURGESON, of Chicago, (JOHN E. CUNNINGHAM, of counsel,) for appellant.

GERALD F. TUITE, of Rockford, (GERARD A. FACCHINI, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The employer seeks reversal of the judgment of the circuit court of Winnebago County affirming the Industrial Commission's confirmance of an arbitrator's award for 61⅝ weeks of temporary total disability and 217 weeks permanent partial disability. Reversal is sought because of the claimed absence of objective symptoms of ill-being and for the reason that claimant "returned to the same trade using the same tools".

Samuel Thorson's injuries arose out of and in the course of his employment as a carpenter by Miller-Davis Company. While working on a ladder some 14 feet above the ground he was struck by a gust of wind and knocked to the ground. Two vertebrae, transverse processes, his jaw and a great toe were fractured. He was hospitalized for several days and continued to see a doctor for 14 to 16 months, during about 10 months of which he wore a neck "collar" prescribed by the doctor.

Claimant returned to work for his former employer on two occasions but was laid off because he "wasn't producing". The business agent of the carpenter's local union

testified that he "would not be able to send him to work". Claimant worked at George Williams College Camp for about 6 weeks prior to its opening, assisting in remodeling some small cottages. At the time of the arbitrator's hearing claimant was working for a farmer hanging light-weight hollow core doors. He testified that attempts to look up or to lift heavy objects cause pain in his back and neck, and that he sometimes goes home because of pain after a half-day's work. He was earning $1.75 per hour as contrasted with the union scale of $3.75 (now $4.10) formerly paid him.

The testimony, medical and otherwise, as to the extent of claimant's disability, was disputed but was clearly such that the Industrial Commission might reasonably draw the inferences and conclusions which it did. (*Electro-Motive Division, General Motors Corp.* v. *Industrial Com.* 32 Ill.2d 35.) The findings of the Commission may not be judicially disturbed unless against the manifest weight of the evidence, (*Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32), and this is clearly not true here.

The judgment of the circuit court of Winnebago County is affirmed.