SPECTOR, Judge.
By this appeal we are called upon to review an order granting the defendant a new trial after a jury verdict of $195,200 in a two-count action brought by appellant under the Federal Employers’ Liability Act, 45 U.S.C.A., Section 51, et seq., and under the Safety Appliance Act, 45 U.S.C. A., Section 9.
The verdict was rendered for damages to appellant individually as surviving widow and to the minor children on account of the death of their father, an employee of the defendant terminal company.
Appellant’s decedent, James L. Hodge, died as a result of injuries sustained in a collision between his car and a “cut of seven cars and three diesel engines” being operated by a crew of the appellee terminal company at the Church Street grade crossing in Jacksonville, Florida. After changing into his work clothes at the terminal company’s locker room on the west side of the tracks, the decedent was driving his *485 car easterly on Church Street to begin his job on the east side of the crossing. As he was crossing the tracks, his car was hit by the section of railroad cars and diesels which were being backed in a northerly direction on the appellee’s tracks. Testimony as to the speed at which the train was traveling varied from an estimate of 15-18 miles per hour to 30-35 miles per hour. After the decedent’s car was struck by the train, it was pushed a distance of 257 feet down the track.
The second amended complaint was in two counts. Count I alleged negligence on the part of appellee by failing to provide a safe place to work and by negligent operation of the train. Count II alleged violation of the Safety Appliance Act, supra, in that the train’s air brake system failed to operate adequately and efficiently. In this appeal we are only concerned with matters arising out of the count based on the Safety Appliance Act since the order granting the defendant a new trial was based on the lower court’s conclusion that “* * * there was no evidence upon which the jury could lawfully have found that the defendant violated the Safety Appliance Act (45 U.S.C.A., Sec. 9 et seq.) as charged in Count II of the Amended Complaint and that the Court erred in submitting that issue to the jury for determination.” The new trial order was also based on additional grounds which we will later discuss herein. The trial court’s ruling that Count II should not have gone to the jury was tantamount to judgment notwithstanding the verdict as to Count II. After holding that there was no evidence to support Count II, the trial court stated:
“Since Count II of the amended complaint afforded a completely different basis for recovery than Count I, it is the further opinion d>f this Court that a new trial on the issues of negligence and damages must be granted.”
After so stating in the new trial order, the trial court proceeded to grant defendant’s motion on grounds 1, 2, 3, 4, and 22 of defendant’s motion for new trial. An examination of defendant’s motion for new trial reflects numerous grounds advanced, but for the purposes of our consideration of this appeal we need discuss only two of the grounds forming the basis of the trial court’s order, viz:
“1. That the verdict herein is contrary to the evidence.
******
“4. That there is no- evidence upon which the jury could have properly found that defendant violated the Safety Appliance Act (45 U.S.C., Section 9) and this cause was accordingly improperly submitted to the jury for determination thereof.”
Appellant’s brief is directed largely at ground No. 4 relating to the issue of evidence to support a jury instruction on the Safety Appliance Act violation alleged in Count II of the complaint. By its order, the trial court found there was no evidence to support that count and ordered a new trial on the issue of negligence embodied in the first count. We are of the view, and so hold, that the lower court erred in holding there was no evidence to support the claimed violation of the Safety Appliance Act.
Plaintiff-Appellant’s theory of liability under Count I was based on a number of alleged acts of negligence including the furnishing of a dangerous and unsafe place to work, failure to provide a barrier for vehicular traffic such as a lowered gate in circumstances where flashing lights and ringing bells were alleged to be insufficient protective devices, as well as other acts of negligence. Additionally, it was alleged that the defendant was negligent in that the cut of cars which struck the decedent was operated in a reverse movement at a speed that was excessive.under the circumstances.
Plaintiff’s theory of liability under Count II was that the brakes on the train were inefficient on the occasion of this incident and that such inefficiency constituted a violation of the Safety Appliance Act.
*486 There was direct evidence of excessive speed. This is conceded by the defendant. The only evidence of inefficient brakes, however, was circumstantial and consisted of testimony given by members of the train crew on cross examination that the train was traveling at the speed of 15-18 miles per hour. Further, there was testimony that at a speed of 15-18 miles per hour, the distance that it took to stop the train showed that the brakes did not operate efficiently. The latter conclusion being justified by the evidence introduced that the train did not come to a stop until it had reached some 257 feet from the point of impact. Witnesses testified that efficient brakes applied at the speed of 15-18 miles per hour would have stopped the train within 35 to 40 feet or 40 to 50 feet. These stopping distances were within the range of testimony as to the distance from the crossing that the brakes were applied.
We think the evidence related above meets the standard of proof set by the federal courts in cases under the Safety Appliance Act. Those decisions govern the question of the sufficiency of the evidence and the type of proof necessary to make out a case under the appliance act. Atlantic Coast Line Railroad Co. v. Barrett, 101 So.2d 37 (Fla.1958). In Myers v. Reading Company, 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615, the Supreme Court held that a violation of the subject act is established if the proofs show that the brakes did not operate efficiently on a single occasion and that such proof is not .detracted from by other proof that they worked efficiently both before and after the occasion in question.
Evidence that a train would have stopped in a certain distance at a given speed had the brakes been efficient has been held competent proof of the efficiency of brakes for the purpose of an action brought under the Safety Appliance Act. Noe v. Chicago Great Western Railway Company, 71 Ill.App.2d 347, 219 N.E.2d 111 (1965). It is evidence of this kind that the trial court erroneously held was insufficient to prove Count II in the instant case. We think the issue was correctly submitted to the jury on this evidence.
The order under review was based on grounds for a new trial other than the one that is discussed above. The trial court also held that the verdict of the jury was contrary to the evidence and in so holding came within the principles laid out in Cloud v. Fallis, 110 So.2d 669 (Fla.1959). There the court held that the trial judge has broad discretion in granting a new trial if he finds that the jury was influenced by consideration outside the record as he appears to have in the case at bar. Farrior v. Prudence Mutual Casualty Company, 220 So.2d 386 (Fla.App.1969).
Accordingly, we reverse the order granting a new trial insofar as the same holds that there was no evidence placed before the jury to justify an instruction on the claimed violation of the Safety Appliance Act and affirm the order granting a new trial on the other ground stated in the order to the effect that the verdict is contrary to the evidence on the authority of Cloud v. Fallis, supra. See Hendricks v. Dailey, 208 So.2d 101 (Fla.1968).
Affirmed in part and reversed in part.
RAWLS, Acting C. J., and JOHNSON, J., concur.