GARY PRESSWOOD, Adm'r of the Estate of Stella Sue Presswood, Deceased, Plaintiff-Appellant, *v.* ENOCH MORRIS, Indiv. and as Adm'r of the Estate of Gary Joe Morris, Deceased, Defendant-Appellee.

Fifth District   No. 77-174

Opinion filed March 19, 1979.—Rehearing denied April 18, 1979.

Harlan Heller, Ltd., of Mattoon (Harlan Heller, of counsel), for appellant.

James B. Wham, of Wham & Wham, of Centralia, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This wrongful death action arising from an automobile accident was brought by Gary Presswood, administrator of the estate of Stella Sue Presswood, against Enoch Morris, administrator of the estate of Gary Joe

Morris. Enoch Morris, as administrator of the estate of Gary Joe Morris filed a counterclaim to recover damages from the Presswood Estate. In addition, Enoch Morris filed a cross-claim in his own name seeking damages to the automobile Gary Joe Morris was driving at the time of the accident. The jury returned a verdict for the defendant on the plaintiff's complaint, and found against the defendant on the defendant's counterclaim.

Subsequently, the cross-claim of Morris for property damage to his automobile was dismissed without prejudice on his own motion. Judgment was entered on the verdicts. Both plaintiff and defendant-counterclaimant appeal.

On April 22, 1973, at approximately noon, Stella Sue Presswood was driving a 1969 Ford Torino in a northerly direction along Radom Road. Her three children were in the rear seat of the automobile. Gary Joe Morris was driving his father's automobile, a 1970 Ford Fairlane, in a southerly direction along the same highway.

The two vehicles collided on Radom Road at a point approximately 1½ miles south of Ashley, Illinois. At the point where the accident occurred, Radom Road is a two-lane, straight, level highway constructed of asphalt. It was wet due to an earlier rain. There was controverted evidence that there was a slight depression in Morris's lane just north of the accident site.

The accident resulted in the death of Morris, Presswood, and two of her three children. There were no eyewitnesses to the accident.

Post-accident evidence indicated the Presswood vehicle was discovered on the east shoulder of Radom Road headed northeast with all but the left rear wheel of the car off the asphalt highway. There was a gouge mark approximately 14 feet long in the grass shoulder extending in a southeasterly direction from the pavement to the front of the Presswood vehicle. Although the photographs in evidence tended to support the defendant's contention that the gouge mark extended to the right wheel, plaintiff's evidence contradicted this.

The Morris vehicle, after the accident, was headed generally north, having turned approximately 180° from its initial southerly direction. Although the major portion of the Morris vehicle was in the northbound lane, both the left front wheel and the left rear wheel remained in their own southbound lane of traffic.

Since there were no eyewitnesses qualified to testify, the facts of the collision had to be inferred from the circumstances. The principal issue was which driver was over the center line of the highway when the collision occurred. Testimony on this point rested almost entirely upon the testimony of Dr. Harrison Streeter, an accident reconstruction expert

called by the plaintiff, and Mr. Loren Ayres, an accident reconstruction expert called by the defendant-counterclaimant.

Appellant Presswood contends that the trial court erred in permitting expert Ayres to give speculative testimony and in receiving testimony of Ayres without proper foundation as to expertise or factual basis for the testimony. He also contends the verdict of the jury was contrary to the manifest weight of the evidence.

Appellant Morris alleges that the verdict against Morris as administrator of the estate of Gary Joe Morris was contrary to the manifest weight of evidence, that the court erred in permitting two state troopers to testify as expert witnesses to the point of impact and in permitting Gary Presswood to testify to the whereabouts and intended destination of Stella Sue Presswood in violation of the Dead Man's Act (Ill. Rev. Stat. 1971, ch. 51, par. 2).

Two Illinois State Police officers who investigated the accident testified that in their opinion the accident occurred in the northbound (Presswood) lane, since the majority of the accident debris was concentrated in that lane. Due to the wet pavement, no skid marks were discernible.

Both plaintiff and defendant called witnesses who testified to the careful driving habits of each driver.

Evidence adduced at trial tended to show that the rear tires on the Morris vehicle were worn.

Dr. Harrison Streeter, a professor of engineering at the University of Illinois and an expert in accident reconstruction, was called by the plaintiff. He testified to his training, background and experience in the field. He had reconstructed the accident in question using photographs of the cars involved, photographs of the highway at the scene of the accident, and measurements of the final resting places of the vehicles involved taken from the police accident report. He did not personally observe the vehicles, although he admitted this was the preferred practice. It was Dr. Streeter's opinion that the accident occurred in the Presswood lane, that Presswood was traveling north at the time of the accident, that Morris was traveling southeast at the time of the accident, and that the speed of the Morris vehicle exceeded that of the Presswood vehicle by approximately 25 miles per hour, but that the actual speed of either vehicle was incalculable.

The defendant called Mr. Loren D. Ayers, a reconstruction expert, to testify. Much of the dispute on this appeal relates to his testimony. He testified as to his training, background and experience in the field. He had reconstructed the accident by using photographs of the cars involved, photographs of the scene of the accident, and measurements of the final

resting places of the vehicles as devised from the police accident report. He testified as to his personal observation of the vehicles and to the measurements and other observations made by him after viewing the vehicles at two different salvage yards. Ayres expressed the opinion that the collision occurred with the Morris vehicle driving on its own side of the road in the southbound lane and the Presswood vehicle being mostly in the southbound lane at the point of impact.

■■■ It is clear that expert testimony in matters which are complicated and outside the knowledge or understanding of the average person is proper. In the case of motor vehicle accidents, where there is sufficient physical evidence present to provide the basic data needed, an expert may analyze and reconstruct the occurrence.

In *Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 273 N.E.2d 809, our supreme court approved the practice of permitting an expert to express his opinion upon ultimate facts of the case, stating that since the triers of fact are not required to accept the expert opinion such evidence does not usurp the province of the jury.

A trial judge possesses a wide area of discretion in allowing expert testimony which he feels will aid in the understanding of the issues in a particular case. (*Iverson v. Iverson* (1977), 56 Ill. App. 3d 297, 370 N.E.2d 1135.) The testimony of an expert must be judged by the same rules of weight and credibility which are applied to other witnesses. The weight and value of his testimony largely depends upon the foundation of fact and reason which forms the basis of his opinion. *Peet v. Dolese & Shepard Co.* (1963), 41 Ill. App. 2d 358, 369, 190 N.E.2d 613.

■■ In the instant case, the fact that expert Ayres received his knowledge more from experience than study is of little import. "The knowledge required may be obtained from study, experience or both." (*Cannell v. State Farm Fire & Casualty Co.* (1975), 25 Ill. App. 3d 907, 323 N.E.2d 418.) A witness whose knowlege is based upon practical experience is no less an expert than one who possesses particular academic or scientific knowledge. Their respective effect on the triers of fact is one of degree only. (*Dauksch v. Chamness* (1973), 11 Ill. App. 3d 346, 352, 296 N.E.2d 592.) There is insufficient basis for distinction between them, and it is for the jury to determine the weight to be given their testimony. *Arnold v. Carpenter* (1967), 83 Ill. App. 2d 343, 346, 227 N.E.2d 543.

■■ In this case there was conflicting evidence, and the opinions of the experts were diametrically opposed with respect to the lane in which the initial impact occurred. The positions of both the appellant and the appellee find support in the record. As such, we cannot say that the verdict of the jury is against the manifest weight of the evidence. The question of the credibility of expert witnesses is for the jury and a conflict

between their opinions will not render the verdict one which is against the manifest weight of the evidence. *Soberalski v. Chicago Rock Island & Pacific R.R. Co.* (1975), 29 Ill. App. 3d 1019, 331 N.E.2d 645.

■■ Presswood next argues that expert Ayres was permitted to give speculative testimony in that he was allowed to express his opinion as to where the accident occurred in terms of "possibility" rather than "reasonable certainty." Couching a question or answer in terms of "possibility" or "probability" does not automatically render the question or answer inadmissible, or improper, nor does it constitute reversible error. As stated in *Beloit Foundry v. Industrial Com.* (1976), 62 Ill. 2d 535, 539, 343 N.E.2d 504, 506, where the court considered the expert opinion of a physician regarding the cause of death:

> "He may testify to 'what might' have caused a death or injury, despite any objection that his testimony is inconclusive and speculative. The testimony is but the opinion of the witness given on facts assumed to be true. It is for the trier of fact to determine the facts."

Morris cites the case of *Clifford-Jacobs Forging Co. v. Industrial Com.* (1960), 19 Ill. 2d 236, 166 N.E.2d 582. In referring to permissible questions asked of an expert witness the *Clifford-Jacobs* court, quoting the court in *Chicago Union Traction Co. v. Roberts* (1907), 229 Ill. 481, 484, 82 N.E. 401, 402, stated:

> " 'It is entirely immaterial whether the witness testified that the injury was the cause of the condition, or that the injury was sufficient to cause the condition or might have caused it. In any event, the testimony was merely the opinion of the witness, given, as such, upon a state of facts assumed to be true. It still remained for the jury to determine the facts, and the opinion was nevertheless an opinion only, whether it states what did cause the condition or what might cause it. The question may be asked in either form.' " (19 Ill. 2d 236, 243.)

The court in *Clifford-Jacobs* added:

> "So long as the witness is not called upon to decide any controverted fact, but is asked to assume the truth of facts testified to, he may give his opinion thereon in any form." 19 Ill. 2d 236, 243.

While the above cited cases were decided in the context of medical testimony, numerous cases from this and other jurisdictions have allowed this form of response in nonmedical expert testimony. *Mahlstedt v. Ideal Lighting Co.* (1915), 271 Ill. 154, 110 N.E. 795; *Welker v. MFA Central Co-Operative* (Mo. App. 1964), 380 S.W.2d 481; *Carroll v. Boston Elevated Ry. Co.* (1909), 200 Mass. 527, 86 N.E. 793; *Great American Insurance Co. v. Michigan Consolidated Gas Co.* (1968), 13 Mich. App.

410, 164 N.W.2d 575; *Joyner v. Aetna Casualty & Surety Co.* (1971), 259 La. 660, 251 So. 2d 166; *Osborne v. English* (Tex. Cir. App. 1970), 458 S.W.2d 209.

We are not unmindful that the accident upon which this appeal is based probably did not occur without the negligence of one party. However, neither can we ignore the function of the jury in the determination of the facts of a case. By their verdict, the jury has indicated that neither party met its burden. We will not disturb that decision. We are aware that both appellant and appellee have raised additional issues in their briefs as support for their respective assignments of error. We have reviewed these various claims and concluded they are without merit.

For the foregoing reasons the judgment of the circuit court of Washington County is affirmed.

Judgment affirmed.

KARNS and KUNCE, JJ., concur.