**Noel Brayfield, et al., Plaintiffs-Appellees, v. Joe P. Johnson, Defendant-Appellant.**

**Gen. No. 65–26.**

Fifth District.

August 18, 1965.

Jay B. Stringer, of Mt. Vernon, for appellant.

Elmer Jenkins, of Benton, for appellees.

MORAN, J.

Joe Johnson, defendant, appeals from adverse judgments entered on a jury verdict in favor of plaintiffs, Noel Brayfield for personal injuries, and George Lovelady for property damage.

On May 24, 1961 at about 6:00 p. m., the defendant-appellant was driving his flat bed truck north on Illinois Route 37, just outside the city limits of Benton, Illinois. He intended to turn left onto Petroff Road where it intersected Route 37. Plaintiff, Noel Brayfield, was also proceeding north on Route 37 not far behind appellant in a 3½ ton truck owned by his employer and coplaintiff, George Lovelady. Mr. and Mrs. Charles Gibson were following immediately behind plaintiff and defendant.

Defendant, who contends that the verdict is against the manifest weight of the evidence, testified that he was traveling at about twenty miles per hour; that he turned his left turn signal on 400 feet south of the

intersection of Route 37 and Petroff Road where he intended to turn left, i. e., west, onto Petroff road; That he did not hear a horn; that the plaintiff ran into the rear of his truck while he was still in the east or right hand lane and while he was fifty-two feet south of the intersection. Harry Gershbacher, who was riding with the defendant, testified that the defendant turned his left turn signal on one hundred and fifty feet south of the intersection; that the plaintiff struck defendant's truck while it was fifty feet south of the intersection and still in the east or right hand lane; and that defendant was traveling about twenty-five miles per hour when he was hit by the plaintiff. Both Johnson and Gershbacher testified that the plaintiff said his brakes failed.

Plaintiff, Noel Brayfield, testified that the defendant did not have his turn signal on when he pulled out into the left lane and began to pass defendant; that when his truck reached a point approximately even with the rear of defendant's truck, the defendant suddenly began to turn left and only then flashed his left turn signal; that in attempting to avoid running into defendant, he applied his brakes and turned to the right; that in so doing he first went off onto the right shoulder of the road but then swerved back onto the highway and into the rear of defendant's truck and was thrown through the windshield onto the pavement.

The testimony of plaintiff was corroborated by that of Mr. and Mrs. Charles Gibson who were not acquainted with any of the parties to this lawsuit. They both testified that they were following the plaintiff's truck when it attempted to pass the truck being driven by defendant; that after the front of Brayfield's truck passed the left rear of the Johnson truck, Johnson commenced turning to the left and then turned his left turn blinker on; that Brayfield then hit his brakes

and his truck swerved to the right and back to the left and as he swerved back to the left his truck bed caught the right rear end of the Johnson truck; that the Brayfield truck then turned sideways and overturned, throwing Brayfield out of his truck.

■■■ A court of review can set aside a verdict as being against the manifest weight of the evidence only when it is obvious or clearly evident that the jurors have arrived at an incorrect result. Romines v. Illinois Motor Freight, Inc., 21 Ill App2d 380, 158 NE2d 97 (1959). It is for the jury alone to determine the credibility of witnesses and the weight of the evidence on controverted questions of fact. A verdict based on conflicting evidence and approved by the trial judge should not be disturbed on appeal unless contrary to the manifest weight of the evidence; that is, an opposite conclusion must be clearly evident. Ritter v. Hatteberg, 14 Ill App2d 548, 145 NE2d 119, (1957). Manifest means clearly evident, clear, plain, indisputable. Schneiderman v. Interstate Transit Lines, Inc., 331 Ill App 143, 72 NE2d 705 (1947). It is for the jury to decide the credibility of the witnesses, and here they have decided to believe the plaintiff and the two disinterested witnesses rather than the defendant. Under such circumstances we cannot supplant our judgment for that of the jurors who saw and heard the witnesses.

■ ■ Appellant next contends that reversible error was committed when the trial judge refused to grant a mistrial because four jurors accepted a ride with Mr. and Mrs. Charles Gibson from the Court House in Benton to West Frankfort. There was no showing that the jurors were influenced or that defendant was in any way prejudiced. Mr. and Mrs. Gibson were complete strangers to the parties in this suit and, therefore, presumably had no motive or interest in influencing jurors or the outcome of the

trial in any manner. The showing of mere communication between witnesses and jurors is not grounds for the granting of a new trial without showing that the jurors were influenced and that the defendant was prejudiced. Bevelot v. Lestrade, 153 Ill 625, 38 NE 1056 (1894); Chicago Junction R. Co. v. McGrath, 203 Ill 511, 68 NE 69 (1903). There was no allegation or offer of proof that the jurors were influenced or that the defendant was prejudiced. Under these circumstances there is no legal basis for sustaining defendant's contention on this ground.

 Appellant also urges that the trial judge committed reversible error in refusing to declare a mistrial when appellee's counsel in his closing argument mentioned that plaintiff, Noel Brayfield, had a wife and family. There is no question but that the domestic circumstances of the parties to the litigation are irrelevant in a suit for personal injuries. Undue emphasis on the fact that a party has a large family dependent upon him for support could be reversible error. McCarthy v. Spring Valley Coal Co., 232 Ill 473, 83 NE 957. However, it is also the law that "(e)very reasonable presumption must be indulged in that the trial judge has performed his duty and has properly exercised the discretion vested in him, and that he has permitted no misconduct of counsel materially prejudicial to the opposite party to intervene, unless such misconduct and its prejudicial nature are clearly shown by the record." North Chicago St. R. Co. v. Cotton, 140 Ill 486, 29 NE 899 (1892), at 503. And our Supreme Court has also said: "While it must be emphasized that attorneys should always remember that they are officers of the courts and bound to conduct their cases in conformity with applicable rules of law, the power to compel observance of these rules rests largely in the trial judge. It is only where it

64

appears that the trial judge has abused his discretion in this matter and that the jury has been misled by improper remarks of counsel that we will set aside a verdict on this ground." County of Jackson v. Wayman, 369 Ill 123 at 126 and 127, 15 NE2d 854 (1938). The record discloses that there was no undue emphasis on the fact that plaintiff had a wife and family to support. There was no disclosure of the number of plaintiff's children nor of his family's poverty, necessitous circumstances or financial difficulties. If the jury was motivated by passion and prejudice engendered by the remarks of plaintiff's counsel, it was not reflected in the $5,000 they awarded him for the sprained condition of his back which the undisputed testimony disclosed was permanent. Under such circumstances we cannot say that this passing reference was so materially prejudicial to defendant as to warrant this court in supplanting its judgment for the discretion of the trial judge.

Finally, appellant urges two additional points: That the testimony was so inherently improbable that the jury should not have been allowed to consider it and that counsel for appellee committed error when he told the jury in his final argument that he felt the evidence indicated that the defendant was very negligent. Suffice it to say that we have examined the record as to the testimony of the witnesses and arguments of counsel as well as the cases cited by appellant, and we find these contentions to be without merit.

For the foregoing reasons, the judgment of the Circuit Court of Franklin County is affirmed.

Judgment affirmed.

EBERSPACHER, P. J. and GOLDENHERSH, J., concur.