**Olga Workman, Plaintiff-Appellee, v. Dave Goldford, Defendant-Appellant.**

**Gen. No. 66–56.**

Fifth District.

June 16, 1967.

Modified opinion October 5, 1967.

Wagner, Conner, Ferguson, Bertrand & Baker, of East St. Louis (John B. Gunn, of counsel), for appellant.

Jones, Ottesen & Fleming, of Belleville (Robert A. Hayes and Patrick J. Fleming, of counsel), for appellee.

MORAN, P. J.

This is an appeal from a judgment of the Circuit Court of St. Clair County, Illinois, in favor of the plaintiff in an action for personal injuries.

The evidence indicates that the plaintiff, Olga Workman, slipped and fell as she was leaving the apartment building in which she and her husband were renting an apartment. The plaintiff's complaint alleged that the defendant-lessor negligently failed to keep the common hallway leading to the front door lighted properly and that, as a result of his failure, she fell, sustaining the injuries for which suit was brought. The jury returned a verdict for the plaintiff and answered a special interrogatory, finding that she was free from contributory negligence. The trial court entered a judgment on the verdict after denying the defendant's post-trial motion for a judgment notwithstanding the verdict or for a new trial.

With regard to the liability aspects of this case, the defendant's sole contention is that the plaintiff was contributorily negligent as a matter of law and that the trial court erred in refusing to grant a judgment notwithstanding the verdict. In the alternative, he contends that the trial court erred in not granting a new trial,

since there was an unauthorized communication between the bailiff and the jury.

The plaintiff testified that on the evening the accident occurred, she left her apartment to take her dog outside; that the dog went down the stairs ahead of her; that the stairs and the hallway were not lighted; that when she arrived at the bottom of the stairs, she did not see the dog; that she could see the glass front door since there was a gleam from a washhouse at the rear end of the hallway; that she pushed open the front door with both hands; that she could not see anything on the surface of the porch; and that she then stepped out with her right foot, took a step with her left foot, started to slide, and fell.

The defendant argues that the plaintiff knew the stairs and hallway were not lighted and failed to take any light with her; that she knew the porch surface was wet with drizzle and was icy; that she did not hold onto the grab bar on the front door; and that since she had lived in the building for seven months, she should have been thoroughly familiar with the area.

■ ■ The question of contributory negligence ordinarily and preeminently presents a question of fact. It can become a question of law only when from the undisputed facts, all reasonable minds, in the exercise of fair and honest judgment, would be compelled to reach the conclusion that there was contributory negligence. (Lasko v. Meier, 394 Ill 71, 67 NE2d 162; Jines v. Greyhound Corp., 33 Ill2d 83, 210 NE2d 562; Simaitis v. Thrash, 25 Ill App2d 340, 166 NE2d 306.) After a review of all the testimony, we do not believe that the plaintiff was guilty of contributory negligence as a matter of law.

Appellant contends that he is entitled to a new trial because of an improper communication between the bailiff and a juror. The testimony of the bailiff, adduced

in support of the defendant's post-trial motion, reveals that the members of the jury "had (the bailiff) come up and they said 'we have got everything all figured out, the one part is finished, but we are a little confused on the other,' and the foreman did say 'come on in, we're all finished' "; that a woman member of the jury then followed him outside and asked something to the effect whether "the jury could sign the special interrogatory 'yes' and still give the plaintiff some money?"; and that he then replied, "I don't know, would that make sense?"

Appellant argues that this case is governed by Sommese v. Maling Bros., Inc., 36 Ill2d 263, 222 NE2d 468, and Swanson v. Chester Johnson Elec. Co., 5 Ill App2d 175, 125 NE2d 304. In Sommese plaintiff's attorney in his closing argument advised the jury that a special interrogatory had been "slipped in" by defendant and that the jury should conform its answer to the verdict. In Swanson, the trial judge orally told the jury that the "verdict you reach should be compatible with the interrogatories." We do not believe that the communication complained of in this case, "I don't know, would that make sense?" necessarily has to be equated with a statement telling the jury that their verdict should be compatible with or conform to the interrogatories.

The trial judge is afforded discretion in the allowance or refusal of a motion for a new trial and his decision in this regard will not be reversed except for a clear abuse of such discretion. Tihay v. Aurora City Lines, 79 Ill App2d 107, 114, 223 NE2d 171. Furthermore, in passing on a motion for a new trial, the trial judge has a greater latitude in passing on questions of fact than on questions of law and a reviewing court will not reverse a ruling on a question of fact unless a clear abuse of discretion is shown. Morella v. Melrose Park Cab Co., 65 Ill App2d 175, 181, 182, 212 NE2d 106; Buer v. Hamilton, 48 Ill App2d 171, 173, 199 NE2d 256.

■ The issue in this case is not whether we would set the verdict aside upon the record before us, but rather whether the record shows that the trial judge abused his discretion in not allowing appellant's motion for a new trial. We do not believe that the failure of the trial judge to grant a new trial in this case was a clear abuse of discretion, inasmuch as he could have determined that the bailiff's answer to the juror's question was a noncommittal response which was not calculated to and did not influence the jury. In Loucks v. Pierce, 341 Ill App 253, 93 NE2d 372, at 260 the court considered the applicable law to a communication from a bailiff to the jury during their deliberations and cited the following rule:

> Many courts, perhaps the majority, take the view that unless communications from the officer to the jury have a manifest tendency to influence the jury improperly against the unsuccessful party, or were such that prejudice resulted to such party, they furnish no ground for a new trial. 39 Am Jur, New Trial, § 104.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.