William J. Cochran, Plaintiff-Appellee, v. Walter B. Parker, Defendant-Appellee, and Dorothy Jones, Administrator of the Estate of Dona H. Jones, Deceased, Defendant-Appellant.

Gen. No. 67–90.

Fifth District.

January 17, 1968.

Wagner, Conner, Ferguson, Bertrand & Baker, and James W. McRoberts, of East St. Louis (F. D. Conner and Royce B. Sheppard, of counsel), for appellant.

C. E. Heligenstein, Huber & Cummings and Johnson, Ducey & Feder, of Belleville (Philip G. Feder, of counsel), for defendant, Walter B. Parker.

EBERSPACHER, P. J.

The suit involves an automobile collision wherein the plaintiff, William J. Cochran, was riding as a guest passenger in the automobile of the defendant, Walter B. Parker. The automobile driven by the defendant Parker collided with an automobile driven by Dona H. Jones. The collision occurred in the early morning hours of December 25, 1964. As a result of the collision Dona H. Jones was killed. Dorothy Jones, the Administrator of the Estate of Dona H. Jones, deceased, was made a party defendant. Plaintiff suffered serious personal injuries as a result of the collision.

It appears from the evidence that the plaintiff and the defendant Parker met in a tavern on Christmas Eve, 1964. The plaintiff and Parker testified that they remained at the tavern about three hours and that each consumed four or five glasses of beer. The plaintiff and Parker then left the tavern and drove in Parker's automobile to a second tavern on the outskirts of Belleville, Illinois, a distance of five or six miles. They remained at the second tavern approximately three more hours and according to their testimony consumed two or three bottles of beer each. Both the plaintiff and Parker testified that they were not intoxicated nor felt any effect from the beer.

The plaintiff and Parker left the tavern sometime after midnight and were proceeding towards the plaintiff's house in Parker's car. Parker was driving. Parker drove in a westerly direction on West Main Street. West Main Street is a four-lane through street and is intersected by numbered streets including North 82nd Street. The speed limit for this portion of West Main Street is posted at 35 miles per hour.

In the interim the decedent and her 13-year-old son were at the home of the decedent's father-in-law. They had arrived at about 8:00 p. m. for a Christmas Eve gathering. At about 11:00 p. m. a light lunch was served.

58

No alcoholic beverages were consumed. The decedent and her son left shortly before 1:00 a. m. to go home. The decedent proceeded in a southerly direction on North 82nd Street. Her intention was to turn left on Main Street. A stop sign at the intersection of West Main and 82nd Street requires 82nd Street traffic to stop before proceeding onto West Main Street.

None of the parties to the proceeding could recall the collision or what transpired immediately prior thereto. The last recollection of the plaintiff was leaving the tavern. Parker last remembered being at the intersection of 74th and West Main Street. The 13-year-old son of the decedent last remembers his mother stopping at the stop sign at the intersection of 82nd Street and West Main Street.

There were no other eyewitnesses to the collision. One witness observed the Parker automobile at the intersection of 78th and West Main, a distance of four blocks or a quarter of a mile from the collision. He estimated the speed of the automobile to be 75 miles per hour at that point. He testified that shortly thereafter he heard the squeal of tires and the collision. A police officer of the Belleville Police Department identified the point of impact as between the passing lane and the driving lane of the westbound lanes on West Main Street. He also identified 200 feet of skid marks left by the Parker automobile veering or swerving to the left up to the point of impact.

Upon this testimony, most of it virtually undisputed, the jury returned a verdict in favor of the plaintiff and against the defendant, Dorothy Jones, Administrator of the Estate of Dona H. Jones, deceased, and assessed the plaintiff's damages at $26,486 and in favor of the defendant Parker as to the plaintiff's complaint. It is from the judgment on this verdict that the defendant, Dorothy Jones, Administrator of the Estate of Dona H. Jones, deceased, appeals.

In support of the defendant Jones' effort to reverse the judgment that defendant alleges that the verdict is contrary to the manifest weight of the evidence and that the court erred in denying the defendant's motion for a mistrial based on alleged misconduct of a juror.

 As this court stated in Brayfield v. Johnson, 62 Ill App2d 59, 210 NE2d 28 (1965) and again in Frozen Food Express v. Modern Truck Lines, Inc., 79 Ill App2d 84, 223 NE2d 275 (1967):

> "A court of review can set aside a verdict as being against the manifest weight of the evidence only when it is obvious or clearly evident that the jurors have arrived at an incorrect result. Romines v. Illinois Motor Freight, Inc., 21 Ill App2d 380, 158 NE2d 97 (1959). It is for the jury alone to determine the credibility of witnesses and the weight of the evidence on controverted questions of fact. A verdict based on conflicting evidence and approved by the trial judge should not be disturbed on appeal unless contrary to the manifest weight of the evidence; that is, an opposite conclusion must be clearly evident. Ritter v. Hattebert, 14 Ill App2d 548, 145 NE2d 119, (1957). Manifest means clearly evident, clear, plain, indisputable. Schneiderman v. Interstate Transit Lines, Inc., 331 Ill App 143, 72 NE2d 705 (1947)."

██ ██ The record demonstrates that a question of fact existed on the issue of liability of one or both defendants. It can hardly be disputed that the defendant Jones' decedent emerged onto a major thoroughfare from a stop sign in front of the defendant Parker's automobile and that the defendant Parker was speeding approximately a quarter of a mile from the collision. From this evidence the jury determined that the decedent's negligence was the cause of the plaintiff's injuries and that the defendant Parker was not guilty of willful and wanton misconduct. Such a result is not obviously incorrect. Since there is

evidence of decedent's negligence, we will not supplant our judgment for that of the jurors who saw and heard the witnesses.

The defendant next contends that reversible error was committed when the trial judge refused to grant a mistrial due to alleged misconduct of a juror. The voir dire examination by agreement of the parties was not reported. However, the record has been supplemented by affidavits of the trial judge and plaintiff's counsel. It appears from the affidavits that during the voir dire the trial judge asked a prospective juror, Hoelscher, his occupation, to which the juror responded that he was a clerk with the Missouri Pacific Railroad and had been so employed for 13 years. He further stated that this constituted his work history. No further questions were asked of the juror concerning his employment by either court or counsel and the juror was eventually accepted and seated as a regular juror. During the course of the trial, the court anticipated continuing the trial beyond the normal closing time and inquired of the jury if this would inconvenience any of them. The same juror informed the court that he had a part-time job and it would be necessary for him to notify his employer. He further informed the court that his part-time employment was that of a bartender.

Two trial days later, and after all testimony was completed and all parties had rested, the defendant Jones made the motion for a mistrial or in the alternative to release the particular juror and seat the alternate qualified juror. The plaintiff and the defendant Parker urged that the error, if any, had been waived and upon the suggestion by the court that if there were no objection the court would continue the trial with the alternate juror, replacing Hoelscher, defendant Parker's attorney objected, and the motion was overruled.

■ ■ Ordinarily, such objection should be made as soon as the irregularity or misconduct is discovered, or as

61

soon as the course of the proceedings would permit, unless the irregularity could not have been waived or remedied when it was first discovered. 66 CJS, New Trial, § 62. Without passing on the question of waiver, it is our opinion that the allegation of error is without merit. Our decisions make it clear that such a motion will be denied unless it is established not only that the juror answered falsely but also that prejudice resulted. Department of Public Works and Buildings v. Christensen, 25 Ill2d 273, 184 NE2d 884 (1962) ; Kuzminski v. Waser, 314 Ill App 438, 41 NE2 1008 (1942). In the instant case the defendant has established neither.

 The record, as submitted, does not indicate when the juror was first employed as a part-time bartender. This defendant has only assumed that the juror falsely answered the questions concerning employment on voir dire examination, and has assumed that the juror was prejudiced in this case, because of the testimony of plaintiff's and his driver's use of intoxicants on the night of the collision. The questions and answers given concerning employment did not affect the qualification of the juror and in view of the juror's voluntary statement during the course of the trial it is clear that he had no intention of concealing his employment as a bartender. Furthermore defendant assumes, and would have us assume, that one engaged part time in the dispensing of alcoholic beverages would be prejudiced in favor of those whom evidence shows were users. Even though this defendant did not use all of her peremptory challenges, and urges that had the juror's part-time employment been disclosed on voir dire, this defendant would have exercised such challenge to remove this juror, we are of the opinion that reversible error was not committed by the trial court in exercising his discretion in this matter.

In Workman v. Goldford, 86 Ill App2d 403, 230 NE2d 574 at 576 we pointed out:

"The trial judge is afforded discretion in the allowance or refusal of a motion for a new trial and his decision in this regard will not be reversed except for a clear abuse of such discretion. (Citing authority.) Furthermore, in passing on a motion for a new trial, the trial judge has a greater latitude in passing on questions of fact than on questions of law and a reviewing court will not reverse a ruling on a question of fact unless a clear abuse of discretion is shown. (Citing authorities.)"

For the foregoing reasons the judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.