CHARLES E. FOSTER *et al.,* Plaintiffs-Appellants, *v.* RAYMOND J. HEITZMAN, Defendant-Appellee.

(No. 11782;

Fourth District—April 2, 1973.

Carlon & Carlon, of Normal, (Patricia A. Carlon, of counsel,) for appellants.

Heyl, Royster, Voelker & Allen, of Peoria, (James B. Lewis, of counsel,) for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs, who are landlord and tenant respectively, sued for damages to their standing corn allegedly caused by defendant's cattle. Following a jury verdict, judgment was entered for defendant. Plaintiffs' post-trial motions were denied and they appeal.

Defendant kept some 35 cows and calves in a 120 acre pasture. Defendant also had land held in "diverted acres" lying between the pasture fences and an adjoining portion of plaintiffs' farm known as "Willow Bottom". Plaintiffs had corn planted in this bottom, as well as corn on higher ground.

No one lived on defendant's farm. The evidence is that defendant inspected the four strand barbed wire fence around the pasture at least once a week and counted his cattle, and that he usually was in the neighborhood several times a week and would then count the herd. He had last inspected the pasture fence on September 28, 1969, but following a storm on October 3rd he had gone to count the cattle.

On the morning of October 6th, one Clark, who was moving into the improvements on plaintiffs' farm, saw several cows in a nearby cornfield. He rounded up and penned the cattle and notified the plaintiff, Foster. It was ultimately determined that the cattle belonged to the defendant. The latter testified that he understood from Foster that the animals were secure and did not go immediately to pick them up, but rather carried on with a planned celebration of a wedding anniversary. On October 7th, defendant hauled the cattle back to his pasture, and upon inspecting the fence found that a fallen tree had torn loose the two top strands of barbed wire. He then found some cattle that had left the pasture and were then lying just beyond his "diverted acres" in a part of "Willow Bottom", which was not under cultivation. Defendant was alone and felt it would be difficult to drive the cattle for it was a possibility that he might spook them so that they would run in the wrong direction. He

stated that he was not aware than any corn was planted in "Willow Bottom". He returned with his son on the afternoon of October 8th and drove the cattle back to the pasture and repaired the fence.

Ill. Rev. Stat. 1969, ch. 8, par. 1, makes it unlawful to permit cattle to run at large, but also provides:

> "[T]hat no owner or keeper of such animals shall be liable for damages in any civil suit for injury to the person or property of another caused by the running at large thereof, without the knowledge of such owner or keeper, when such owner or keeper can establish that he used reasonable care in restraining such animals from so running at large."

Defendant pleaded affirmatively that he had exercised reasonable care in restraining the cattle, and that the breaking of the fence was an act of God.

Plaintiffs urge that a verdict for defendant is against the manifest weight of the evidence, pointing out that defendant did not come to pick up the cattle on October 6th and that, after discovery of the break in the fence on October 7th, did permit the cattle to remain over night.

The issues are whether defendant took reasonable precaution to prevent the animals from running at large, and whether, after knowledge of the escape, he acted reasonably.

■■ A reviewing court will not disturb the verdict of a jury on the ground that it is against the manifest weight of the evidence unless an opposite conclusion is plain and indisputable. (*Lau v. West Towns Bus. Co.*, 16 Ill.2d 442, 158 N.E.2d 63; *Cochran v. Parker*, 91 Ill.App.2d 56, 233 N.E.2d 443.) The reviewing court may not set aside a verdict merely because the jury might have reached a different conclusion, or because the judges feel that another conclusion might be more reasonable. *Lindroth v. Walgreen Co.*, 407 Ill. 121, 94 N.E.2d 847.

In *Johnson v. Sleaford*, 39 Ill.App.2d 228, 188 N.E.2d 230, defendant's cattle were permitted to roam at large for some five months. It was there said, however, that reasonable care under the circumstances was a proper question of fact for the jury.

■■ Upon the issues here, the evidence that cattle were enclosed in a sufficient barbed wire fence inspected weekly is sufficient to sustain a jury verdict that defendant used reasonable care to prevent the animals running at large. Again, upon the facts in evidence, it cannot be said that as a matter of law the jury erred in determining that defendant acted reasonably after the notice that the cattle were loose.

The judgment is affirmed.

Affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.