JOSEPH WISNIEWSKI, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellants.

(No. 58187;

First District (4th Division)—June 26, 1974.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Daniel Pascale, Assistant Corporation Counsel, of counsel), for appellants.

Chester A. Lizak and Stanley Jakala, both of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This action was brought to recover damages as the result of an alleged assault upon the person of the plaintiff by an on-duty Chicago police officer. The jury rendered a verdict for the plaintiff upon which the court entered judgment of $3500 compensatory damages against the City of Chicago and David Baranski, and $10 exemplary damages against David Baranski individually.

On appeal, the sole issue raised is whether the verdict was against the manifest weight of the evidence.

The plaintiff testified that on the morning of February 23, 1967, about

2:30 A.M., he left a tavern and drove to a restaurant located on Ashland and 46th Street. As the plaintiff approached the restaurant, he was called by Officer David Baranski, an on-duty police officer. The plaintiff testified that as he walked toward Officer Baranski, the officer grabbed him, and took his arms and put them around his back. The plaintiff further stated that Officer David Baranski handcuffed him, placed his face on the hood of the squad car, and proceeded to beat him with a blackjack. Finally, while sitting in the back of the squad car, the plaintiff testified that he attempted to convince Officer David Baranski that a mistake had been made. Officer David Baranski laughed, and hit the plaintiff again knocking him unconscious.

The City, on the other hand, contends that Officer David Baranski was called to the vicinity of 46th and Ashland to answer a complaint at the Coney Island Restaurant. After arriving at the scene of the disturbance, the officer questioned Mr. Edward McCarthy, the person who summoned police and a waiter in the restaurant. Mr. McCarthy described the incident that occurred earlier in the restaurant, and stated that the plaintiff had been bothering a group of female patrons. Having apparently provoked the women by his conduct toward them, a rather large woman rose up and pushed the plaintiff back into a booth, splitting the booth down the seam. Immediately after the preceding events took place, the plaintiff left the restaurant.

Officer David Baranski testified that as he prepared to walk out of the restaurant, he saw a white male looking in the front window of the restaurant. At that time, one of the waiters pointed in the direction of the window and stated that the person at the window was Mr. Wisniewski, the man involved in the disturbance. Officer David Baranski left the restaurant, and called to the plaintiff telling him he wanted to question him. Officer David Baranski then stated that Mr. Wisniewski used abusive language and pushed him against the hood of a parked automobile. The officer testified that he regained his balance and pinned Mr. Wisniewski's arms at his sides. Shortly thereafter, Officer David Baranski was assisted by two police officers who arrived on the scene.

The three police officers restrained the plaintiff. Then, Officer David Baranski stated that Mr. Wisniewski was handcuffed and placed in the squad car with Officers Frank Baranski and Anthony Borski. These two officers drove the plaintiff to the Deering Police Station. Having arrived at the station, the plaintiff, still under the influence of alcohol, fell several times from a chair on which he was sitting while awaiting processing. The defendants attribute the plaintiff's injuries either to the altercation outside the restaurant, or to the plaintiff's falls from the chair during processing.

At the close of the evidence, the jury returned a verdict for the plaintiff. The City of Chicago appeals and requests that the order of the circuit court in favor of the plaintiff in this cause be reversed or in the alternative be reversed and remanded for a new trial.

The City contends that the verdict in the present case is against the manifest weight of the evidence inasmuch as the plaintiff failed to establish his case by a preponderance of the evidence. The City points out that it does not base its contention that the verdict of the jury is against the manifest weight of the evidence on the simple premise that the number of the City's witnesses surpasses the number of the plaintiff's witnesses; but, the City bases its contention on the fact that a plaintiff in a civil case has the burden of proving his case by a preponderance of the evidence. The City argues that a decision for the plaintiff is unreasonable, since the plaintiff cannot create a preponderance of the evidence by his testimony alone. To support this position the defendants cite *Feldman v. Karn* (1927), 247 Ill.App. 48, where there was a bench trial, and *Williamson v. Hirsh, Stein & Co.* (1909), 147 Ill.App. 500, where there was a jury trial.

■■■ In Illinois the law is well settled that a reviewing court cannot substitute its judgment for that of a jury in passing on the weight of the evidence. (*Whitman v. Prescott* (1967), 80 Ill.App.2d 49, 58, 225 N.E.2d 384, 388.) A reviewing court may overturn a jury's verdict only if it is contrary to the manifest weight of the evidence. (*Whitman v. Prescott* (1967), 80 Ill.App.2d 49, 58, 225 N.E.2d 384, 388; *Graf v. Ford Motor Co.* (1968), 102 Ill.App.2d 390, 399, 243 N.E.2d 337, 341.) By manifest weight is meant the clearly evident, plain and indisputable weight. *Whitman v. Prescott* (1967), 80 Ill.App.2d 49, 58, 225 N.E.2d 384, 388; *Graf v. Ford Motor Co.* (1968), 102 Ill.App.2d 390, 399, 243 N.E.2d 337, 341.

■■ We feel that the evidence in this case was sufficient to support the jury's verdict for the plaintiff. The plaintiff's testimony was sufficient to establish that his injuries resulted from a beating he received from Officer David Baranski, although defense witnesses testified to the contrary. It is for the jury alone to determine the credibility of the witnesses, and the weight of the evidence on controverted questions of fact. (*Brayfield v. Johnson* (1965), 62 Ill.App.2d 59, 63, 210 N.E.2d 28, 30.) The jury observed the demeanor and behavior of all the witnesses, and listened to their testimony, but decided to accept the plaintiff's version. In our judgment there was sufficient evidence in the record to support the jury's findings.

Next, the appellants rely on *Peaslee v. Glass* (1871), 61 Ill. 94. In *Peaslee* the court held:

"There are very few cases in which a jury should find a verdict for the plaintiff upon his unsupported testimony alone, when that testimony is positively contradicted by the defendant." 61 Ill. 94 at 95.

■■ The *Peaslee* decision, however, has been criticized consistently and ignored. (*Hately v. Kiser* (1911), 162 Ill.App. 542; *Sears, Roebuck & Co. v. Mears Slayton Lumber Co.* (1922), 226 Ill.App. 287; and *Arnold v. Carpenter* (1967), 83 Ill.App.2d 343, 227 N.E.2d 543.) The court said in *Arnold*:

"Defendant, relying upon Peaslee v. Glass, 61 Ill. 94 (1871), argues that the verdict here for plaintiff is based solely upon plaintiff's own testimony as to the terms of the employment contract, and cannot be allowed to stand in view of 'defendant's counterbalancing and equally credible testimony.' That this is not the law in Illinois, or even the meaning of Peaslee v. Glass, supra, was pointed out in Sears, Roebuck & Co. v. Mears Slayton Lumber Co., 226 Ill.App. 287 (1922), where the court of review concluded that it would not be justified in setting aside a verdict as being contrary to the manifest weight of the evidence merely because a verdict for plaintiff is supported by one credible witness who is directly contradicted by an equally credible witness for defendant. It is for the jury to determine the credibility of witnesses and to attach the weight to be given their testimony. A verdict based on conflicting evidence, and approved by the trial judge, as here, will not be disturbed on appeal unless palpably erroneous, that is, unless an opposite conclusion is clearly evident. Brayfield v. Johnson, 62 Ill.App.2d 59, 210 N.E.2d 28 (Fifth District, 1965). We are satisfied, from our examination of this record, that the verdict, insofar as it finds for the plaintiff on the issue of the existence and terms of the oral contract, is founded in the evidence. The jury heard and observed the litigants while testifying and saw fit, reasonably we think, to believe plaintiff." 83 Ill.App.2d 343 at 346, 227 N.E.2d 543 at 545—46.

■■ In the instant case, as in *Arnold*, the plaintiff's credible witnesses were contradicted by equally credible witnesses for the defendant. Furthermore, as was pointed out in *Arnold*, and, as was the case here, the jury determined the credibility of the witnesses and attached weight to their testimony. Finally, in spite of the fact the verdict in the instant case was based on conflicting evidence, it was approved by the trial judge. Therefore, following *Arnold*, the jury's verdict should not be disturbed, since it is neither palpably erroneous, nor is an opposite conclusion clearly evident.

Finally, the defendants argue that the number of witnesses contradicting the plaintiff is a factor to be considered, although, they admit, it does not conclusively establish the weight of the evidence. To support this position the defendants cite *McFadden v. Chicago Rock Island & Pacific R.R. Co.* (1909), 149 Ill.App. 298.

This court will not hold that the litigant with the largest number of witnesses testifying ipso facto wins. That would be an anomalous result. This court, having reviewed the record, is sure that the jury considered the testimony of all the witnesses and returned a proper verdict.

Therefore, we feel that it would be inappropriate to invade the province of the jury and reverse the trial court, since the verdict was not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

■■ Appellee requests that this court pay him the additional sum of $351 in accordance with section 23 of the Act relating to costs (Ill. Rev. Stat. 1971, ch. 33, § 23) and *Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill.App.2d 183, 258 N.E.2d 150. Section 23 provides:

> "In every such case, if the judgment or decree be affirmed in the whole, the party prosecuting such appeal shall pay to the opposite party a sum not exceeding 10% on the amount of the judgment or decree so attempted to be reversed, at the discretion of the court, and in addition to the costs shall have judgment and execution therefor: Provided, the court shall be of opinion that such appeal was prosecuted for delay. As amended by act approved Aug. 24, 1965. L. 1965, p. 3417."

We find that the instant appeal was neither prosecuted for delay as stated in the aforementioned statute, nor was it prosecuted in bad faith as was the case in *Manchester.*

Plaintiff's request for an award of an additional sum and attorneys' fees is denied.

For the foregoing reasons the judgment of the circuit court is affirmed.

Affirmed.

DIERINGER and BURMAN, JJ., concur.