CATHERINE O'REILLY, Plaintiff-Appellant, *v.* MARIE J. FENCEL, Defendant-Appellee.

First District (1st Division)   No. 61225

Opinion filed May 10, 1976.

Joe Reiff, of Chicago, for appellant.

Ruff & Grotefeld, Ltd., of Chicago (William Sven Grotefeld, John P. Blake, and Robert A. Deane, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Catherine O'Reilly, brought this action to recover damages incurred in an automobile collision allegedly caused by the negligence of defendant, Marie J. Fencel. A jury returned a verdict in favor of defendant and plaintiff appeals, contending the verdict was against the manifest weight of the evidence and that the court erred in allowing a certain photograph into evidence.

On May 13, 1966, plaintiff was a passenger in a car being driven by her brother, William O'Reilly. They were driving south on Austin Boulevard approaching its intersection with Thomas Street. When their car was in the intersection, they felt a severe thump on the left rear side of the car. They then swerved into a light pole, bounced off and crashed head-on into a tree. Defendant was driving west on Thomas Street at this same time. She testified that she stopped at a stop sign at Austin, looked both ways, then proceeded across the intersection. She stated that she stopped after she crossed the intersection because she heard the screeching of tires. Because of her sudden stop, she flooded the engine and could not get her car started. A bystander later tried unsuccessfully to start it and then helped her push it to the curb. She testified that she did not hit the car in which plaintiff was riding.

Photographs of both cars were introduced into evidence. The front of defendant's car showed a broken headlight and other small dents, but a neighbor of defendant testified that she broke defendant's headlight while parking her car a week before this incident. The photographs of the car in which plaintiff was a passenger showed damage to the right rear from hitting the light pole, damage to the front from hitting the tree and

severe damage to the left rear, the area where plaintiff heard the thump and where defendant allegedly hit the car.

Because Austin Boulevard is the dividing line between Oak Park and Chicago, both a Chicago police officer and an Oak Park police officer arrived at the scene. Each one testified that when he arrived the defendant's car was in the middle of the intersection. Because the accident occurred on the Oak Park side of Austin Boulevard, the Chicago police officer left before the Oak Park police officer arrived. The latter filled out an accident report. Defendant testified that she got into the police car and gave the officer her driver's license and other information and that she never told the police officer that she was not involved in the accident.

■■ Before a jury's verdict will be set aside by a reviewing court, that verdict must be shown to be against the manifest weight of the evidence. (*Wisniewski v. City of Chicago* (1974), 20 Ill. App. 3d 650, 653, 315 N.E.2d 43.) "Manifest means clearly evident, clear, plain, indisputable." (*Schneiderman v. Interstate Transit Lines, Inc.* (1947), 331 Ill. App. 143, 147, 72 N.E.2d 705.) "[I]t is immaterial whether we agree or disagree with the jury's verdict. A court of review can set aside a verdict as being against the manifest weight of the evidence only when it is obvious or clearly evident that the jurors have arrived at an incorrect result." (*Romines v. Illinois Motor Freight, Inc.* (1959), 21 Ill. App. 2d 380, 385, 158 N.E.2d 97). "[A] verdict should not be set aside merely because the jury could have drawn different inferences from the evidence. In such situations this court will not substitute its judgment for that of the jury." (*Gary v. Rogers* (1968), 104 Ill. App. 2d 154, 158, 243 N.E.2d 665.) Where there is a disputed question of fact, as here, it is for the jury alone to determine the credibility of witnesses and the weight to be accorded each piece of evidence presented at trial. *Larson v. Boudart* (1968), 104 Ill. App. 2d 227, 236, 244 N.E.2d 364; *Cochran v. Parker* (1968), 91 Ill. App. 2d 56, 60, 233 N.E.2d 443.

■■ We have closely reviewed the testimony and exhibits and cannot say the jury's verdict was plainly erroneous. The evidence was conflicting. The testimony of the two police officers supported plaintiff. The photographs of the two cars supported defendant: that of defendant's car showed little or no damage, which damage, according to defendant's witnesses, was caused at an earlier date by a neighbor; that of the car in which plaintiff was a passenger apparently showing more extensive damage than could have resulted from a collision with defendant's car. It was the province of the jury to decide the factual question presented and on the record before us we cannot say that its decision was against the manifest weight of the evidence.

The cases cited by plaintiff are easily distinguishable. In *Jacobson v.*

*Chicago Motor Coach Co.*, (1946), 328 Ill. App. 131, 65 N.E.2d 142, a verdict for plaintiff was set aside as against the manifest weight of the evidence where the plaintiff's version of the accident was totally uncorroborated by witnesses or facts and was contradicted by six witnesses, five of whom were disinterested. In *Thomas v. Le Burkian* (1973), 10 Ill. App. 3d 742, 295 N.E.2d 313, an automobile accident case factually similar to this case, defendant admitted there was a collision between his car and that of plaintiff, but claimed that he was stopped at the moment of impact. Since plaintiff's car there was hit in the side, the appellate court rightly found defendant's version of the accident incredible and the jury's verdict in favor of defendant against the manifest weight of the evidence.

■■ Plaintiff's argument that the trial court erred in admitting a photograph of a bus turning at the intersection where this accident occurred is without merit. Chicago Transit Authority buses travel west on Thomas Street and then turn north onto Austin Boulevard. The photo shows that when the bus makes the turn onto Austin, it crosses the center line and protrudes into the southbound lane of Austin. Plaintiff is correct in stating that "a photograph to be admissible must have a tendency to prove an issue in the case," but is incorrect in stating that there was no testimony relating "any circumstances under which there could have been any possible reference that a bus caused this collision." On direct examination, plaintiff was asked and answered:

"Q. Now, did you see any vehicles facing west on Thomas Street before this accident?

A. Yes, the buses were turning and I saw a light car."

Plaintiff's brother, the driver of the car in which she was a passenger, testified that he stated on his deposition that he slowed down because of a bus and "* * * I swung to the right for the bus. The bus makes the turn here and the bus comes out in that lane." In addition, defense counsel also made extensive inquiries into this issue during the cross-examination of plaintiff, plaintiff's brother and the Oak Park police officer who made out the accident report. Since the issue was raised before the jury, the admission of the photograph into evidence was not error.

Judgment affirmed.

BURKE and SIMON, JJ., concur.