JOYCE SCHULTZ et al., Plaintiffs-Appellants, v. L. B. WHITNEY, Defendant-Appellee.

First District (1st Division)   No. 79-317

Opinion filed August 18, 1980.

Raymond R. Cusack, of Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellants.

Edward J. Egan, of Chicago Transit Authority, of Chicago (Dore & O'Toole, Ltd., of counsel), for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County in favor of the defendant, L. B. Whitney, in a personal injury action alleging negligence on the part of said defendant. This judgment was entered after Joyce Schultz and Herbert Schultz received an adverse jury finding.

The issues presented for review are: (1) whether the verdicts against the plaintiffs and the jury's answer to the special interrogatory are contrary to the manifest weight of the evidence; (2) whether the trial court erred in submitting the issue of intoxication to the jury; and (3) whether counsel for defendant confused the jury as to the contributory negligence of the plaintiff and passenger, Joyce Schultz.

Mr. Schultz testified, at trial, that on the day in question, May 7, 1977, the only alcohol he had was a couple of cocktails at about 3 in the afternoon. Later, he and Mrs. Schultz had spent the evening at the home of his brother. Mr. and Mrs. Schultz left his brother's house at about 10:15 in the evening. Mrs. Schultz was seated on the passenger side of the seat, near the door. Mr. Schultz was proceeding up an entrance ramp heading south on Fullerton going onto Lake Shore Drive. The traffic flow on Lake Shore Drive was about medium at the time. The entrance ramp runs almost parallel to the southbound lanes with very little angle.

As he proceeded up the entrance ramp Mr. Schultz was going about 10 miles per hour. As he proceeded toward the point where he would merge with the southbound traffic, Mr. Schultz began to slow down. His right foot was riding the brake and he felt a jolt. He did not recall having a conversation with the driver of the bus that struck them. He was feeling somewhat stunned from the accident.

Mr. Lawrence Whitney, defendant, testified that at the time in question he was operating a bus owned by the Chicago Transit Authority. He was proceeding on the Fullerton entrance ramp to the southbound lanes of Lake Shore Drive, and noticed a car about halfway up the ramp. The car was being driven by the plaintiff, Herbert Schultz, going very slowly, or completely stopped on the left side of the ramp. Mr. Whitney braked when he saw the car, and proceeded ahead slowly, intending to pull around the car on the right hand side. The car started up again and, as it approached the end of the ramp, the driver slammed on his brakes and came to a sudden stop. Mr. Whitney slammed on his brakes but collided with the car. After the collision, the driver of the car, Herbert Schultz, got out of the car staggering and spoke to Mr. Whitney in a loud slurred voice,

telling Mr. Whitney, "You cut me off at Diversey." Mr. Whitney was of the opinion that there was no reason for Mr. Schultz to stop suddenly and that Mr. Schultz was under the influence of alcohol.

Mrs. Schultz testified that she was riding as a passenger when the accident occurred. As they were proceeding up the ramp, they weren't going over five miles an hour. At the end of the ramp, her husband started to slow down. She stated that her husband did not have two beers at his brother's home. On cross-examination Mrs. Schultz was reminded of her discovery deposition, and she remembered the deposition. She admitted giving the answers stated in the following deposition questions and answers:

"Q. Did your husband have anything to drink while at your brother-in-law's house?

A. He may have had a couple of drinks.

Q. Do you remember what kind of drinks those were?

A. Well, I think he probably had a beer or two because that's all they had in their home.

Q. A couple of beers?

A. Yes."

The jury returned a verdict for the defendant and against both plaintiffs and judgment was entered on the verdict. A special interrogatory found that the plaintiff, Herbert Schultz, was guilty of contributory negligence. Plaintiffs now appeal the judgment against them.

Plaintiffs claim the jury's answer to the special interrogatory was contrary to the manifest weight of the evidence and the verdicts against plaintiffs were erroneously entered.

Generally, as the trier of the facts, it is for the jury to determine whether the defendant was negligent, whether his negligence caused the injury, and whether the plaintiff was free from contributory negligence. (*Zvonarits v. Vollen* (1978), 64 Ill. App. 3d 958, 962, 382 N.E.2d 18.) A verdict based on conflicting evidence should not be disturbed on appeal unless contrary to the manifest weight of the evidence; that is, an opposite conclusion must be clearly evident. (*Brayfield v. Johnson* (1965), 62 Ill. App. 2d 59, 210 N.E.2d 28; *Ritter v. Hatteberg* (1957), 14 Ill. App. 2d 548, 145 N.E.2d 119.) Manifest means clearly evident, clear, plain, indisputable. *Schneiderman v. Interstate Transit Lines, Inc.* (1947), 331 Ill. App. 143, 72 N.E.2d 705.

The testimony of the witnesses herein differed on certain facts surrounding the occurrence. The plaintiff and driver of the auto, Herbert Schultz, admitted on cross-examination that he slowed down on the ramp and that he came to a complete stop later, but that at the time of the impact he was just barely moving. The defendant, Lawrence Whitney, testified that the Schultz auto came to a sudden stop, without apparent

reason, as it reached the end of the ramp leading to the southbound lanes of Lake Shore Drive.

On the basis of the evidence, the jury returned a verdict against both plaintiffs, Herbert Schultz and Joyce Schultz, and answered yes to the special interrogatory finding Herbert Schultz guilty of contributory negligence.

As to the question of intoxication, defendant, Lawrence Whitney, testified he was of the opinion Herbert Schultz was intoxicated. Illinois courts have consistently held a nonexpert may testify as to his opinion, based upon experience and observation, whether or not a person was intoxicated. *Watson v. Fischbach* (1972), 6 Ill. App. 3d 166, 171, 284 N.E.2d 720; *Suppe v. Sako* (1941), 311 Ill. App. 459, 466, 36 N.E.2d 603.

The testimony of plaintiffs that was elicited by their attorney differed from that of defendant, Mr. Whitney. The plaintiffs testified the plaintiff, Herbert Schultz, did not drink any alcoholic beverages after 3 p.m. that day. On cross-examination, however, defendant, Joyce Schultz, testified that she had stated in her deposition that her husband probably had a couple of beers at his brother's home.

Although the evidence is conflicting the jury had a good opportunity to determine the credibility of the witnesses and weigh the evidence. The plaintiffs have failed to establish as clearly evident that plaintiff, Herbert Schultz, was not guilty of contributory negligence.

The plaintiffs also claim the court erred in presenting an instruction to the jury on intoxication, arguing there was no competent evidence tending to establish intoxication.

As stated by the court in *Doria v. Costello* (1974), 22 Ill. App. 3d 505, 318 N.E.2d 40: "The giving of an instruction is proper so long as there is some evidence in the record to support it." 22 Ill. App. 3d 505, 512.

Inasmuch as we have found the jury's answer to the special interrogatory on contributory negligence was supported partially by facts existing in the record as to intoxication, we also find sufficient evidence to support submitting the instruction on intoxication to the jury. This evidence includes Mr. Whitney's opinion testimony and the cross-examination of plaintiff, Joyce Schultz, as to her deposition testimony, wherein she indicated her husband probably had a couple of beers.

The plaintiffs additionally claim defense counsel confused the jury as to the plaintiff-passenger's contributory negligence.

During the trial in this cause, defense counsel, upon cross-examining plaintiffs' expert witness, elicited a response from the doctor that the defendant, Joyce Schultz, was negligent in failing to come in to his office to see him more often. Later, defense counsel tendered an instruction to the court on the duty of a plaintiff to mitigate damages. Plaintiffs' attorney objected to this instruction, arguing that the defendant had not connected

up any alleged negligence with any aggravation or failure to cure her conditions. Defense counsel replied that he would later connect up plaintiff's negligence with the aggravation to her injuries.

After the discussion as to the instruction on mitigation of damages, there was testimony given by two doctors. Neither of the doctors gave testimony concerning the negligence of the plaintiff, Joyce Schultz, and defense counsel then withdrew his tendered instruction on the duty to mitigate.

The jury found for the defendant and against both plaintiffs, and answered "yes" to the special interrogatory finding the plaintiff, Herbert Schultz, guilty of contributory negligence. The jury was instructed that the issue of contributory negligence did not apply to the plaintiff, Joyce Schultz.

Plaintiffs point out that defense counsel argued in closing that plaintiff, Joyce Schultz, was negligent in not seeing a doctor and claims this confused the jury. We disagree. A jury instruction specifically stating that the issue of contributory negligence did not apply to plaintiff, Joyce Schultz, corrected any misconceptions the jury might have had, since an ordinary person would understand the plain meaning of such an instruction. See generally *Hulke v. International Manufacturing Co.* (1957), 14 Ill. App. 2d 5, 142 N.E.2d 717; *Veselich v. Lichtsinn* (1956), 11 Ill. App. 2d 372, 135 N.E.2d 823.

The jury was fully instructed on all issues and the answer to the special interrogatory was consistent with the verdict which, the record reveals, was not the result of jury confusion, but was the result of the evidence presented.

For the above and foregoing reasons, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.